IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NATHAN HAROLD CHISM**                                                                 **PLAINTIFF**
**ADC #550129**

V.                           NO. 4:22-cv-01045-JM-ERE

**JAMES GIBSON**                                                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**I.      Plaintiff's Allegations**

Plaintiff Nathan Harold Chism, an Arkansas Division of Correction ("ADC") inmate housed at the Varner Unit, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. In his complaint, Mr. Chism alleges that he is a follower of the Asatra faith and that Warden James Gibson confiscated his Thor's hammer religious medallion that he ordered through the mail. Mr. Chism asserts that denying him possession of the medallion violated his rights under the Religious Land Use and Institutionalized

Persons Act ("RLUIPA"). Mr. Chism sued Warden Gibson for the alleged violation, requesting injunctive relief and compensatory damages.[1]

Warden Gibson has filed a motion to dismiss and brief in support. *Docs. 11-12*. Mr. Chism has filed a response. *Doc. 15*. The motion is now ripe for review.

For the reasons explained below, the Court recommends granting Warden Gibson's motion to dismiss. *Doc. 11*.

## II.   Legal Standard for Fed. R. Civ. P. 12(b)(6) Dismissal

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. FED. R. CIV. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, In*c., 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal

---

[1] The Court previously dismissed Mr. Chism's claims against Director Dexter Payne, as well as his due process, Eighth Amendment, and RFRA claims against Warden Gibson. *Doc. 5, 8*.

2

conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

## III. Discussion

"To make out a prima facie RLUIPA claim against a state official, an inmate must show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion. Absent this showing, the state retains its sovereign immunity." *Van Wyhe v. Reisch*, 581 F.3d 639, 655 (8th Cir. 2009) (internal citations and quotations omitted). To be a substantial burden, the action "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008) (internal citations and quotations omitted).

Mr. Chism, who is a follower of the Asatru faith, ordered a new Thor's hammer religious medallion. However, Warden Gibson confiscated the medallion, citing penological interests.[2] In his complaint, Mr. Chism alleges that Warden

---

[2] During the grievance process, Warden Gibson stated that he did not allow Mr. Chism to have the medallion because it violated ADC policy in two ways: (1) it was a known Aryan symbol; and (2) it was more than 1/8 of an inch thick. *Doc. 2 at 15-16, 18*. Mr. Chism disagrees with these findings, but that disagreement is irrelevant to the issue before the Court.

Gibson's conduct "creates a substantial burden to Plaintiff's free exercise of religion." *Doc. 2 at 7*. However, Mr. Chism fails provide any factual allegations to support this conclusory statement. In response to Warden Gibson's motion to dismiss, Mr. Chism asserts that "'Thor's Hammer' or 'Mjolnir' worn around the neck is a potent and ancient symbol" of his faith dating back hundreds of years. *Doc. 15 at 4*. Mr. Chism further states that it "is very important to [him] that he be able to wear one that is in good repair." *Id.*

Several issues warrant dismissal of Mr. Chism's claims. First, he does not allege that Warden Gibson confiscated his old Thor's hammer medallion. As a result, Warden Gibson's conduct has not prevented him from using that medallion. Second, Mr. Chism provides no explanation, grounded in his religion, why it is "very important" that he have a new medallion. Based on the pleadings, he simply wants a new medallion. Finally, Mr. Chism's conclusory allegations about the Thor's hammer medallion fail to support a *prima facie* case that Warden Gibson has placed a substantial burden on his ability to *exercise* his religion. Mr. Chism does not allege facts regarding how the medallion is a "central tenant" of his religion, nor does he explain how being without the new medallion prevents him from "reasonable opportunities to engage in . . . activities that are fundamental to a [his] religion."

Courts have consistently dismissed similar claims related to the Thor's hammer medallion.[3]

Mr. Chism spends a significant amount of time attempting to discredit Warden Gibson's justification for confiscating the new Thor's hammer medallion. However, because his allegations fail to support a *prima facie* RLUIPA claim, these arguments are irrelevant to the threshold question of whether Mr. Chism has stated a plausible constitutional claim.

## IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Warden Gibson's motion to dismiss *(Doc. 11)* be GRANTED, and Mr. Chism's remaining claims be dismissed without prejudice.

2.  In the future, this dismissal be considered a "strike" for purposes of 28

---

[3] *Saner v. Gibbs*, No. 4:21-cv-00201-RGE-SBJ, 2022 WL 738639, at *4 (S.D. Iowa Feb. 10, 2022) (holding that prisoner failed to state RLUIPA or First Amendment claim based on denial of items including a Thor's Hammer because he failed to allege facts that any acts or policies of Defendants imposed a substantial burden on the exercise of Asatru.); *Hamilton v. Lammi*, No. 16-CV-276-PJS-LIB), 2016 WL 11486909, at *6 (D. Minn. Sept. 8, 2016) (recommending dismissal of conclusory allegations "that the oils, incense, and Thor's Hammer emblem are essential religious items for Asatru which the Defendants will not allow Plaintiffs to purchase, [when] the Plaintiffs do not plead any additional facts to allege how denial of the items substantially burdens the exercise of Asatru"); *Webb v. Cal. Dep't. of Corr.*, No. 1:13-cv-1254-BAM (PC), 2014 WL 7337434, at *2-4, 8 (E.D. Cal. Dec. 23, 2014) (dismissing RLUIPA claims for failure to state a facially plausible claim that denial of a hammer and sacred oils and herbs substantially burdened the practice of the plaintiffs Asatru faith); *Maier v. Pall*, No. 1:CV-09-1427, 2014 WL 1912194, at *9 (M.D. Pa. May 13, 2014) (granting summary judgment where "Plaintiff has not established that his right to practice Odinism was burdened in a substantial or significant way when he was denied the runestones and Thor's hammer . . ." and failed to establish "that the runestones and Thor's hammer, in particular, are major tenets of his religious doctrine.").

U.S.C. § 1915(g).[4]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in *forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

4.   The Clerk of the Court be directed to close this case.

Dated this 13th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] See *Gonzalez v. United States*, 23 F. 4th 788, 789-91 (8th Cir. 2022) (holding that the number of strikes a prisoner has accrued for purposes of 28 U.S.C. § 1915(g) must be assessed by a later tribunal, looking backwards and independently assessing the effect of past dismissals).